**PROVISIONERS FROZEN EXPRESS, INC., Petitioner,**

v.

**INTERSTATE COMMERCE COMMIS-SION and United States of America, Respondents.**

No. 75–2335.

United States Court of Appeals, Ninth Circuit.

June 30, 1976.

James T. Johnson (argued), Seattle, Wash., for petitioner.

Walter H. Walker, III (argued), the ICC, Washington, D. C., for respondent.

Edward T. Lyons, Jr. (argued), Jones, Meiklejohn, Kehl & Lyons, Denver, Colo., and Lon Rodney Kump (argued), Richards, Bird & Kump, Salt Lake City, Utah, for intervenors.

OPINION

Before MERRILL and WRIGHT, Circuit Judges, and CRARY, District Judge.*

* Honorable E. Avery Crary, Senior United States District Judge, Central District of California, sitting by designation.

PER CURIAM:

This petition for review is from orders of the Interstate Commerce Commission (Commission) denying two applications by Provisioners Frozen Express, Inc. (Provisioners) for extensions of its permit MC 117588. The applications sought Certificates of public convenience and necessity authorizing operations as a motor vehicle common carrier of specified food items in named western states.

The principal stockholders and directors of petitioner are L. R. Pollart and his wife. Mr. Pollart, the president, has been in the business of transportation of various properties by motor vehicle for hire since 1958.

The first of the two extensions was sought by application, Sub. 15, filed July 27, 1970. The second, Sub. 17, was filed January 22, 1971. These applications were consolidated for hearing before the Hearing Examiner, now known as the Administrative Law Judge (ALJ). Evidentiary hearings were held in December, 1971, and on April 8, 1972, the ALJ issued an order in which he found a need for the proposed services applied for but recommended the Certificate of Authority to Provisioners be limited to three years by reason of the questioned "fitness" of Provisioners.

Review Board No. 2 of the Commission, on August 9, 1972, adopted the findings and conclusions of the ALJ with minor modifications not here relevant. Pursuant to petitions for reconsideration by several protestors, intervenors in the instant review, Division 1 of the Commission, acting as an Appellate Division and considering the existing record, reopened the proceedings for reconsideration by order of July 30, 1973. On May 31, 1974, the Commission, Division 1, issued a report and order, served June 10, 1974, which denied the extensions applied for, ruling that Provisioners had failed to show that it was "fit", willing and able to properly perform the proposed services or to conform to the requirements of the Interstate Commerce Act or the Commission's rules and regulations promulgated thereunder.

Provisioners, on August 19, 1974, filed a petition for reconsideration of that order. The Commission, Division 1, denied that petition by an order dated September 27, 1974, served October 7, 1974, on the grounds the report and order of May 31, 1974, were in accordance with the evidence and applicable law. Thereupon that order denying the applications became administratively final under the provisions of 49 C.F.R. 1100.-101. That regulation also provides that successive petitions upon substantially the same grounds will not be entertained.

Petitioner did not seek judicial review of the September, 1974, order but filed another petition on December 11, 1974, requesting further hearing which was denied on February 7, 1975, on the grounds that applicant failed to indicate what evidence it would tender which would warrant a different result than reached by the Appellate Division, why such evidence was not previously available and that no sufficient cause appeared for reopening for further consideration.

Yet another petition was filed by Provisioners on March 14, 1975, for reopening of the proceedings for the purpose of considering additional evidence, urging that the compliance report of the Bureau of Operations had then been completed and showed petitioner to be in "substantial compliance" and that Provisioners had "other evidence to introduce which could not have been introduced at the time of the initial hearing and which had substantial bearing upon applicant's fitness." It should be noted that the compliance report evidenced some 15 violations by petitioner.

The Commission refused to entertain the petition and rejected it on the grounds (1) the prior petition for further hearing had been properly denied, (2) the proceeding was not the proper subject for further petition, and (3) no sufficient or proper cause appeared for reopening for further hearing. This order, dated April 22, 1975, was served upon Provisioners April 24, 1975.

The instant petition for review was filed June 19, 1975, well beyond the 60-day statutory period following entry of the agency's

final order on September 27, 1974, provided for in Title 28, U.S.C. §§ 2342(5), 2344 and 2321(a).

It is to be noted that Public Law 95–584 was amended in 1975 by adding paragraph (5) to Section 2342, Title 28, U.S.C. Under that amendment, the 60-day statute of limitations period became applicable to all final orders of the Interstate Commerce Commission on March 1, 1975. See "Effective date of 1975 Amendment" under "Historical and revision notes," U.S.C.A. However, this amendment does not aid Provisioners in the instant proceedings.

The Court concludes that the rejection and refusal to entertain the petition of March 14, 1975, to reopen for further hearing, did not create a new final order which would give the Court jurisdiction to review some five years of proceedings in this matter. To hold otherwise would allow for the review of the Commission's action without restriction as to time by merely filing successive petitions to reopen for further hearing. It appears, therefore, that the only issue which could remain in the circumstances is whether the Commission abused its discretion in rejecting Provisioners petition to reopen of March 14, 1975, since it was rejected on the alternative ground that "no sufficient or proper cause appears for reopening."

It does not appear that the Commission abused its discretion in denying the petition for further hearing filed December 11, 1974, or in refusing to entertain the petition to reopen for further hearing filed March 14, 1975. The granting or denying of a petition to reopen the proceedings is within the sound discretion of the Commission and only on a showing of clear abuse of that discretion by the Commission could this Court overrule its denial of the petition to reopen of December 11, 1974, and refusal to entertain the petition of March 14, 1975. *United States v. Pierce Auto Freight Lines,* 327 U.S. 515, 535, 66 S.Ct. 687, 90 L.Ed. 821 (1945); *Interstate Commerce Commission v. City of Jersey City,* 322 U.S. 503, 515–19, 64 S.Ct. 1129, 88 L.Ed. 1420 (1940). The Supreme Court has recently reaffirmed its position on this issue in *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 294–96, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974). In the *Bowman* case it was urged that the record had grown too stale to support the order, it having been five years between the hearings and the date of the Commission's decision. At page 294–96, 95 S.Ct. at page 446 of its opinion, the Supreme Court said:

"We appreciate the difficulties that arise when the lapse between hearing and ultimate decision is so long. Undoubtedly economic changes dated the 1966 studies that the parties, both applicants and appellees, had placed in the record. Nevertheless, we have always been loath to require that fact-finding begin anew merely because of delay in proceedings of such magnitude and complexity. To repeat what was said in *Interstate Commerce Comm'n v. Jersey City,* 322 U.S. 503, 514 [515, 64 S.Ct. 1129, 1134, 88 L.Ed. 1420] (1944):

'Administrative consideration of evidence—particularly where the evidence is taken by an examiner, his report submitted to the parties, and a hearing held on their exceptions to it—always creates a gap between the time the record is closed and the time the administrative decision is promulgated. This is especially true if the issues are difficult, the evidence intricate, and the consideration of the case deliberate and careful. If upon the coming down of the order litigants might demand rehearings as a matter of law because some new circumstance has arisen, some new trend has been observed, or some new fact discovered, there would be little hope that the administrative process could ever be consummated in an order that would not be subject to reopening. It has been almost a rule of necessity that rehearings were not matters of right, but were pleas to discretion. And likewise it has been considered that the discretion to be invoked was that of the body making the order, and not that of a reviewing body.'"

After reaffirming the Jersey City case, the Court stated:

"Yet there would have been little assurance that at the conclusion of such a reopening, and the time required to digest the new material, the record would not again have become 'stale.' Accordingly, we conclude that there is sound basis for adhering to our practice of declining to require reopening of the record, except in the most extraordinary circumstances." Page 296, 95 S.Ct. page 447.

In the matter at bench the proceedings were commenced in July, 1970. Evidentiary hearings were held in December, 1971. The ALJ's ruling concerned the requirements of the shipping public as of 1971 and as they were expected to exist in the future. Reopening of the proceedings as to fitness would involve reconsideration of requirements and conditions throughout the intervening years due to changes in these fields that may well have occurred.

Provisioners' contention that it is entitled to have the proceedings reopened is based on decisions that recognize the authority of the Commission to reopen a proceeding *at its option* to determine whether one operating under a Certificate continues to remain fit to so operate. Those circumstances are not involved in the instant case. The Court concludes that Provisioners has failed to meet the requirement that it establish "the most extraordinary circumstances" which would call for a ruling that the Commission had abused its discretion.

Provisioners may forthwith file a new application and present evidence to establish its current fitness.

Provisioners' efforts to obtain review of the Commission's order of February 7, 1975, as well as review of prior orders, fail by reason of the expiration of the 60-day period for filing petitions for review in this Court. Although the petition to reopen which the Commission refused to entertain as of April 22, 1975, be deemed reviewable, that order was well within the discretion of the Commission and was not arbitrary or capricious in the circumstances.

The petition is ordered dismissed.