CALIFORNIA ASSOCIATION OF THE
PHYSICALLY HANDICAPPED,
INC., Petitioner,

v.

FEDERAL COMMUNICATIONS
COMMISSION, Respondent.

No. 86-7142.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 1987.

Decided Dec. 8, 1987.

As Amended Feb. 5, 1988.

Stanley Fleishman, Los Angeles, Cal., for petitioner.

Sue Ann Preskill and C. Grey Pash, Jr., Washington, D.C., for respondent.

Before GOODWIN, ALARCON and LEAVY, Circuit Judges.

LEAVY, Circuit Judge.

The California Association of the Physically Handicapped, Inc. (CAPH) petitions for review of a Federal Communications Commission (FCC) order denying its petition for rulemaking. The FCC moves to dismiss for lack of jurisdiction. The issue is whether the time limitation set forth in 28 U.S.C. § 2344 (1982) is jurisdictional. We hold that the statute is jurisdictional and dismiss the petition.

FACTS AND PROCEEDINGS BELOW

In February 1980 CAPH filed a petition for rulemaking with the FCC. The petition sought inclusion of the physically handicapped in FCC programs to facilitate minority ownership of broadcast properties. The FCC announced its denial of the petition in a news release on December 13, 1985, and, on December 16, 1985, released a memorandum opinion and order denying the petition. CAPH did not receive a copy of the order from the FCC until February 25, 1986, and was unaware of the order until its receipt. CAPH requested reissuance of the order; the FCC did not respond. On March 14, 1986, CAPH filed its petition for review under 28 U.S.C. § 2342(1).

## DISCUSSION

This petition is brought pursuant to 28 U.S.C. § 2342(1), and is subject to the requirement of section 2344 that "[a]ny party aggrieved by the final order may, within 60 days after its entry, file a petition to review the order." Under FCC rules "Commission action shall be deemed final, for purposes of seeking ... judicial review, on the date of public notice." 47 C.F.R. § 1.103(b) (1986). The date of public notice commences "at 3 P.M. Eastern Time on the day after" the release date. 47 C.F.R. § 1.4(b)(2).

Under 28 U.S.C. § 2344 and FCC rules, CAPH's petition, filed more than sixty days after December 17, 1985, is untimely. If the statute's time limitation is jurisdictional, CAPH's petition must be dismissed.

 We hold that the time limitation is jurisdictional. In so doing, we join the other circuits which have considered the issue, *see, e.g., Western Union Telegraph Co. v. FCC*, 773 F.2d 375, 378 (D.C.Cir. 1985); *Texas v. United States*, 749 F.2d 1144, 1146 (5th Cir.), *cert. denied*, 472 U.S. 1032, 105 S.Ct. 3513, 87 L.Ed.2d 642 (1985); *Cartersville Elevator, Inc. v. ICC*, 724 F.2d 668, 672 (8th Cir.1984), *New York v. United States*, 568 F.2d 887, 892 (2d Cir. 1977). We also explicitly adopt what we implicitly decided in *Provisioners Frozen Express, Inc. v. ICC*, 536 F.2d 1303, 1305 (9th Cir.1976) (agency's refusal to entertain petition to reopen proceeding did not create new final order giving court jurisdiction).

CAPH argues that it reasonably relied on the FCC to provide notice in accordance with FCC rules, which require personal notice of FCC decisions to all parties. *See* 47 C.F.R. § 0.445. According to CAPH's argument, the sixty-day period did not commence until February 25, 1986, when personal notice was received.

 FCC rules make public, not private, notice the operative event for purposes of commencing the time for seeking judicial review. 47 C.F.R. § 1.103(b). We

agree that public notice commences the sixty-day period. Accordingly, we allow the FCC's motion to dismiss CAPH's petition for lack of jurisdiction.[1]

The petition is DISMISSED.

---

1. CAPH argues that judicial review is available under the Administrative Procedures Act, 5 U.S.C. § 704, because review provided by 28 U.S.C. § 2342(1) is inadequate. Alternatively, CAPH argues that 28 U.S.C. § 2344, as applied, denied CAPH its constitutional right to judicial review. The success of either of these arguments turns on whether CAPH acted reasonably in failing to file a timely petition for review with this court. *Sable Communications of Cal. Inc. v. FCC*, 827 F.2d 640, 642 (9th Cir.1987) (review provided by section 2342 adequate

when Sable offered no "convincing justification" for failure to file petition within sixty-day period; no due process claim because Sable did not act reasonably in failing to file). While the FCC's failure to rule on CAPH's petition for almost five years is not commendable, once public notice of its decision was given the sixty-day period set forth in 28 U.S.C. § 2344 commenced. CAPH did not act reasonably in awaiting private notice of the decision before filing its petition.