**FRIENDS OF SIERRA RAILROAD, INC. and Tuolumne Park and Recreation District, Petitioners,**

v.

**INTERSTATE COMMERCE COMMIS-SION; United States of America, Respondents.**

**No. 87–7407.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 1989.

Decided July 31, 1989.

---

Charles H. Montange, Washington, D.C., for petitioners.

Evelyn G. Kitay, I.C.C., Washington, D.C., for respondents.

Charles I. Appler, Hopkins, Sutter, Hamel & Park, Washington, D.C., for intervenor-respondent.

Before CHOY, WALLACE and WIGGINS, Circuit Judges.

WALLACE, Circuit Judge:

Friends of Sierra Railroad, Inc. (Friends) petitions for review of the refusal of the Interstate Commerce Commission (ICC) to reopen a class exemption granted to the Sierra Railroad (Sierra) which permitted Sierra to abandon a one-mile segment of its rail line. Friends argued that the ICC granted the exemption through an invalid procedure, and that even under that procedure Sierra's exemption was void. Friends sought through reopening first to require the ICC to conduct an environmental and historic preservation review of the abandonment, and second to secure an option to purchase the right-of-way of the abandoned segment. A petition was timely filed. Because we lack jurisdiction to entertain this petition, we dismiss.

## I

Under the Staggers Act, a rail carrier may not abandon a rail line without first obtaining permission from the ICC. 49 U.S.C. § 10903 *et seq.* The Staggers Act contains a comprehensive and involved scheme of standards and procedures for abandoning rail lines. *See id.* As an exception to the otherwise burdensome procedures required by that Act to abandon a line, 49 U.S.C. § 10505 directs the ICC to exempt a transaction or class of transactions from regulation if it finds (1) its regulation is not necessary to carry out the rail transportation policy enunciated in 49 U.S.C. § 10101a and (2) either the transaction is of limited scope or regulation is unnecessary to protect shippers from abuse of market power. 49 U.S.C. § 10505. Pursuant to this statute, the ICC established exempt abandonment procedures for rail lines out of service for two years or longer. *See* 49 C.F.R. § 1152.50 (1984); *Exemption of Out of Service Rail Lines,* 366 I.C.C. 885 (1983).

On November 20, 1984, Sierra filed a notice of exemption pursuant to section 10505 and 49 C.F.R. § 1152.50 (1984) to abandon its one-mile rail line and underlying right-of-way between mileposts 49 and 50 in Tuolumne County, California. Sierra provided the California Department of Transportation with both advance notice of its intention to file a notice of exemption and an environmental notice pursuant to 49 C.F.R. § 1105.11 (1984). On January 2, 1985, the ICC published a notice of exemption in the Federal Register. 50 Fed.Reg. 188 (1985). This notice stated that the exemption would become effective February 1, 1985, unless stayed pending reconsideration. The notice advised that petitions to stay had to be filed by February 11, 1985, and that petitions for reconsideration had to be filed by February 21, 1985. At the same time, the ICC sent copies of the notice to the Governor of California and numerous California state agencies: the State Resources Agency (notices went to the Assistant Secretary, the State Historical Preservation Office, the Department of Parks & Recreation, and the Department of Parks & Recreation Planning Division); the Califor-

nia Coastal Commission; the Public Utilities Commission (notices went to the Commission and to the Chief of the Railroad Operations & Safety Branch); the Department of Fish & Game; the Office of Planning & Research; and the Rail Planning Branch of the Department of Transportation. On January 21, 1985, the California Public Utilities Commission mailed copies of the notice to several potentially interested persons. No objections were filed, and the exemption became effective as scheduled on February 1, 1985.

On January 28, 1986, over a year after the notice of exemption was published, Sierra began to salvage track and material on the line. As a result of the salvage operation, Friends became aware of the abandonment and promptly contacted the Advisory Council on Historic Preservation, which in turn informed the ICC's Section of Energy & Environment (ICC Environmental Section) that the California State Historical Resources Commission had previously determined that the line was eligible for inclusion in the National Register of Historic Places (National Register), and that the abandonment exemption had apparently been granted without review under section 106 of the National Historic Preservation Act (NHPA), 16 U.S.C. § 470(b).

The ICC Environmental Section responded that it was unaware of the line's eligibility for the National Register and contacted Sierra "to encourage voluntary compliance with the historic preservation process." On May 6, 1986, Sierra offered to sell the line to the California Department of Parks & Recreation. When this department declined this offer, Sierra then offered and sold the line to Louisiana–Pacific Corporation. The deed of sale was recorded on June 18, 1986.

Also on June 18, 1986, Friends filed a petition asking the ICC to reopen the proceeding. The ICC denied Friends's motion to reopen on July 20, 1987. Friends's "Motion to Correct Decision," which the ICC treated as a petition for reconsideration, was denied on January 26, 1988.

Friends filed its petition for review in this court pursuant to 28 U.S.C. § 2344 on September 2, 1987, within the 60–day period after the ICC's July 20, 1987, denial of the petition to reopen. The petition in our court was held in abeyance pending resolution of Friends's petition to the ICC for reconsideration.

## II

■ As a threshold matter, we must determine whether we have jurisdiction over this case. The Supreme Court recently spoke to this question in *ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987) (*Locomotive Engineers*). Under 28 U.S.C. § 2344, a party seeking to challenge a final order of the ICC must file a petition for review within 60 days after its entry. Clearly, Friends's petition is not timely for purposes of reviewing the original exemption authority, which was administratively final on February 1, 1985. *See id.* The time limit in 28 U.S.C. § 2344 is jurisdictional, and we have held that a subsequent unsuccessful petition to an agency to reopen cannot create a new final order giving our court jurisdiction over an untimely petition for review. *California Association of the Physically Handicapped, Inc. v. FCC*, 833 F.2d 1333, 1334 (9th Cir.1987); *Provisioners Frozen Express, Inc. v. ICC*, 536 F.2d 1303, 1305 (9th Cir.1976). Thus, we have no jurisdiction to review the original order.

■ Friends contends that, although we lack jurisdiction to review the original order, we nonetheless may review the ICC's denial of Friends's petition to reopen. The ICC's authority to reopen its prior actions arises from 49 U.S.C. § 10327(g). *Locomotive Engineers*, 482 U.S. at 277–78, 107 S.Ct. at 2365–66. 49 U.S.C. § 10327(g) provides in part:

(g)(1) The Commission may, at any time on its own initiative because of material error, new evidence, or substantially changed circumstances—

(A) reopen a proceeding;

(B) grant rehearing, reargument, or reconsideration of an action of the Commission; and

(C) change an action of the Commission.

An interested party may petition to reopen and reconsider an action of the Commission under this paragraph under regulations of the Commission.

When the Commission refuses to reopen a proceeding, we review only the lawfulness of the refusal. *Locomotive Engineers*, 482 U.S. at 278, 107 S.Ct. at 2365–66. Our oversight is very limited. We may review the refusal to reopen only "[i]f the petition that was denied sought reopening on the basis of new evidence or changed circumstances ... otherwise, the agency's refusal to go back over ploughed ground is nonreviewable." *Id.* at 284, 107 S.Ct. at 2368. We cannot review such a refusal to reopen where the petition alleges only "material error." In such cases, an appeal from the denial of the petition "places before the courts precisely the same substance that could have been brought there by appeal from the original order." *Id.* at 279, 107 S.Ct. at 2366. The Court expressly prohibited such review even though it would serve the purpose of extending indefinitely the time for judicial review of "*seriously* mistaken agency orders." *Id.* at 280, 107 S.Ct. at 2366 (emphasis in original). Prohibiting review of denial of petitions to reopen alleging only material error is jurisdictional, not merely prudential, and is implicit in the Hobbs Act 60–day jurisdictional time limit on judicial review of ICC decisions. *See id.* at 281–82, 107 S.Ct. at 2367–68.

■ In evaluating reviewability of such petitions, we need not and may not examine the reasoning expressed in an ICC decision. Although here, as in *Locomotive Engineers,* the ICC decision refusing to reopen discussed the merits of the petition at length, we determine reviewability solely by examining the bases advanced in the petition to reopen. *See id.* at 280–81, 107 S.Ct. at 2366–67. The order denying Friends's petition is subject to review only if the petition sought reopening on the basis of "new evidence" or "substantially

changed circumstances," regardless of the analysis contained in the ICC decision. We now determine whether Friends's petition to reopen qualifies to provide us jurisdiction.

### A.

■ We first consider an argument in Friends's petition to reopen which involves the new evidence exception. It contends that the notice of exemption contained false or misleading information, and was thus void *ab initio* under 49 C.F.R. § 1152.50(d)(3) (1984). For purposes of obtaining our review, this argument is inherently self-defeating. Friends asserts that Sierra's exemption notice failed to disclose that the line was eligible for the National Register under NHPA section 106 and that the State of California had an option to purchase the line. In other words, Friends is arguing that Sierra's exemption notice omitted *evidence available at the time.* Friends does not suggest that this is newly discovered evidence; the essence of its argument is that the evidence was already available. Although Friends's petition to reopen may have raised this evidence for the first time in these proceedings, *newly raised* evidence is not the same as *new* evidence. *See Union Mechling Corp. v. United States,* 566 F.2d 722, 726–27 (D.C. Cir.1977); *Platnick Brothers, Inc. v. Norfolk & Western Railway Co.,* 367 I.C.C. 782, 785 (1983) (*Platnick Brothers*); *see generally United States v. Northern Pacific Railway Co.,* 288 U.S. 490, 493–94, 53 S.Ct. 406, 407–08, 77 L.Ed. 914 (1933). While section 10327(g) does not define new evidence, "in an administratively final case it is only fair that 'new evidence' be in fact *new.* Thus, evidence that was reasonably available to the parties before the proceeding is not new evidence for purposes of the statute." *Platnick Brothers,* 367 I.C.C. at 785 (emphasis in original). Friends's petition in this argument raises "precisely the same substance that could have been brought there by appeal from the original order," *Locomotive Engineers,* 482 U.S. at 279, 107 S.Ct. at 2366, and thus is not reviewable.

■ Friends argues, however, that the rule of *Locomotive Engineers* is premised on the assumption that the party bringing the petition to reopen has been involved in the proceeding since the beginning. Friends contends that while *Locomotive Engineers* may make sense as applied to such a party, its rationale would not apply to a party unable to participate until the time of its petition to reopen. Friends argues that the notice provisions in the ICC exempt abandonment procedure were inadequate, and thus deprived Friends of the opportunity to present its evidence on direct appeal of the original order, and indirectly threatens to prevent us from reviewing this aspect of Friends's appeal of the denial of the petition to reopen. To support this argument, Friends points to the explanation in *Locomotive Engineers* that review of denial to reopen for new evidence or substantially changed circumstances is available because otherwise the petitioner might be "deprived of all opportunity for judicial consideration … of facts which, through no fault of his own, the original proceeding did not contain." *Id.* at 279, 107 S.Ct. at 2366.

This argument is unavailing because as a matter of law Friends had adequate notice of the original proceeding before the ICC. Complying with regulatory requirements, Sierra provided the required notice to the California Department of Transportation pursuant to 49 C.F.R. § 1105.11 (1984). The ICC published a timely notice of exemption in the Federal Register, *see* 50 Fed.Reg. 188 (1985), and sent copies of the notice to the Governor of California and numerous state agencies, including the State Historic Preservation office.

Friends complains that the Federal Register is unavailable in Jamestown, California, where Friends is located. Friends does not dispute that it is available within an hour's drive. But our decision that notice was adequate does not hinge on the driving distance between copies of the Federal Register and the headquarters of potentially interested parties to agency proceedings.

Publication in the Federal Register is legally sufficient notice to all interested or

affected persons regardless of actual knowledge or hardship resulting from ignorance. *See* 44 U.S.C. § 1507; *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 384–85, 68 S.Ct. 1, 3–4, 92 L.Ed. 10 (1947); *Government of Guam v. United States*, 744 F.2d 699, 701 (9th Cir.1984); *Bennett v. Director, Office of Workers' Compensation Programs*, 717 F.2d 1167, 1169 (7th Cir.1983); *North Alabama Express, Inc. v. United States*, 585 F.2d 783, 787 n. 2 (5th Cir.1978) (*North Alabama Express*). The contents of the Federal Register notice plainly sufficed to inform any reader that Sierra wished to abandon the right-of-way. 50 Fed.Reg. 188 (1985). As the Fifth Circuit explained, "an interested member of the public should be able to read the published notice of [an] application and understand the essential attributes of that application. Others who see the notice should not have to guess the applicant's true intent." *North Alabama Express*, 585 F.2d at 789 (substance of trucking company's published notice in Federal Register held inadequate to alert interested parties to true nature of application). The notice as published should apprise a reasonable person of the issues involved in the proceeding. *Id.* at 786–87. The notice here met this standard.

This notice issue is distinct from the question whether, for purposes of 49 C.F.R. § 1152.50(d)(3), the notice contained false or misleading information and was thus void *ab initio*. Whether or not the exemption notice contained such information, it was plainly sufficient to provide notice to all interested persons of the abandonment proceeding. Therefore, we hold that this basis of Friends's petition to reopen, the argument that the notice of exemption contained false or misleading information and was thus void *ab initio* under 49 C.F.R. § 1152.50(d)(3), does not present a reviewable issue.

### B.

■ Friends's petition next argued that the ICC's exempt abandonment procedure had subsequently been invalidated by the Court of Appeals for the District of Columbia in *Illinois Commerce Commission v. ICC*, 787 F.2d 616, 637 (D.C.Cir.1986) (*Illinois Commerce I*), *remanding and vacating, Exemption of Out of Service Rail Lines*, 366 I.C.C. 885 (1983). This argument is based not on changed circumstances or new evidence, but rather, on material error, and therefore does not present a reviewable issue under *Locomotive Engineers. See Platnick Brothers*, 367 I.C.C. at 787. In *Platnick Brothers*, the ICC considered a petition to reopen based in part on the argument that the ICC's market dominance guidelines had been invalidated by the Fifth Circuit. *Id.* at 783, 787. Although the petitioner characterized the circuit court's invalidation of ICC rules as a changed circumstance, the ICC explained that this ground for reopening was material error, not changed circumstances, because the argument was that its decision had been based on an invalid rule. *Id.* at 787. Here, similarly, Friends argues that the ICC's original grant of an abandonment exemption for Sierra was based on an invalid rule, the exempt abandonment procedure invalidated by the District of Columbia Circuit in *Illinois Commerce I*. Friends's ground for reopening is material error and thus unreviewable. *See id.; see also Western Pacific Stockholders' Protective Committee v. ICC*, 848 F.2d 1301, 1303 (D.C.Cir.1988) (*Western Pacific*) (challenge to ICC valuation methodology alleged only material error and was therefore unreviewable); *Central States Enterprises v. ICC*, 780 F.2d 664, 672–73 (7th Cir.1985) (*Central States*) (petition to reopen alleges material error where ICC misapplied and misinterpreted statutory provision). As previously explained, Friends had adequate notice of the original proceeding. Friends could have challenged the legal validity of the abandonment procedure at that time. *Cf. Pittston Coal Group v. Sebben*, —— U.S. ——, 109 S.Ct. 414, 424–25, 102 L.Ed.2d 408 (1988) (where administrative procedure judicially invalidated, parties who sought direct judicial review of adverse agency decisions under invalid procedure could obtain readjudication of their cases; those who failed to seek direct judicial review were barred). The argument

that this procedure is invalid "places before [us] precisely the same substance that could have been brought [here] by appeal from the original order." *Locomotive Engineers*, 482 U.S. at 279, 107 S.Ct. at 2366. We hold, therefore, that this ground of Friends's petition to reopen does not present a reviewable issue on appeal.

### C.

The same principles which we applied in determining the reviewability of the denial of Friends's petition to reopen apply to the reviewability of the denial of Friends's petition for reconsideration. *See Locomotive Engineers*, 482 U.S. at 280–81, 285–86, 107 S.Ct. at 2366–67, 2369–70. If the petition is treated as a genuine "Motion to Correct Decision" as it was titled, that is, as seeking no more than correction of errors in the ICC's decision, "then the denial is unappealable because [Friends] was not 'aggrieved' by it within the meaning of the Hobbs Act [28 U.S.C. § 2344]." *Id.* at 285, 107 S.Ct. at 2369.

 To the extent that this motion was a petition for reconsideration, as the ICC treated it, it alleged only material error, as the title "Motion to Correct Decision" suggests. Friends's first ground for reconsideration was to challenge the ICC's statement that the California State Historic Preservation Office had received notice of the ICC's January 2, 1985, Federal Register notice. This assertion fails to present new evidence or substantially changed circumstances. Friends's second ground was that Friends sought relief under 49 U.S.C. § 10905, and therefore the ICC erred in treating Friends's petition solely under 49 U.S.C. § 10906. This ground, like the first, rests on no more than material error. *See Western Pacific*, 848 F.2d at 1303 (petition to reopen rests on material error claim and is thus unreviewable, where basis is challenge to ICC's choice of stock valuation methodology); *Central States*, 780 F.2d at 672–73 (petition to reopen alleges material error where ICC misapplied and misinter-

preted statutory provision); *see also John D. Copanos & Sons, Inc. v. FDA*, 854 F.2d 510, 527 (D.C.Cir.1988) (petition unreviewable to extent that it elaborated on arguments already in record), *quoting Locomotive Engineers*, 482 U.S. at 279–80, 107 S.Ct. at 2366–69. Finally, Friends sought reconsideration on the ground that the ICC erred in asserting that Friends and the State Historic Preservation Office had actual notice and slept on their rights. This argument placed no new evidence before the ICC, but rather suggested material error in the ICC's interpretation of evidence it had already considered. Therefore, there is nothing for us to review in the ICC's denial of the petition for reconsideration.

Friends's petition for review presents no issue reviewable by this court. We therefore dismiss the petition for want of appellate jurisdiction.

DISMISSED.