916 F.2d 715
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Chris PEDERSEN, Petitioner,
v.
INTERSTATE COMMERCE COMMISSION, and United States of
America, Respondents.
 No. 89-2013.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 15, 1990.*
Decided Oct. 18, 1990.
 
 Before BAUER, Chief Judge, and POSNER, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Chris Pedersen seeks review of a decision of the Interstate Commerce Commission denying his petition to reopen several agency decisions that became final between 1976 and 1978. We affirm the Commission's decision.
 
 I.
 
 2
 In the decisions that Pedersen attempts to challenge herein, the Commission approved the purchase of Mid-Continent Freight Lines, Inc., by All-American, Inc., and the subsequent purchase of All-American by Terminal Transport Company, Inc. Pedersen was a driver for Mid-Continent. When that company was acquired by All-American, Pedersen lost his seniority rights in accordance with the Joint Area Cartage Agreement (JACA) between the carriers and Pedersen's union. Similarly, when All-American was acquired by Terminal Transport, Pedersen was treated as a new employee and lost the benefit of his seniority according to the terms of the JACA.
 
 
 3
 Pedersen filed suit in the district court against the union and the carriers involved in the transactions, challenging the loss of his seniority rights as a result of the treatment of the Mid-Continent purchase as a "buy out" for purposes of the JACA. The district court granted summary judgment in favor of the union and the carriers. That decision was affirmed on appeal to this court. Pantoja v. All American Transp., 692 F.2d 759 (7th Cir.1981).
 
 
 4
 Pedersen thereafter filed a petition to reopen the agency proceedings. He alleged that a material error had occurred in the proceedings and that as a result he had lost his seniority rights. The commission refused to reopen the proceedings in an order served January 18, 1985. Pedersen renewed his request to reopen the proceedings again alleging material error. In an order of March 16, 1989, the commission again refused to reopen the decisions that became final some twelve years earlier.
 
 II.
 
 5
 Our review of the final order of the ICC in this case is governed by the Hobbs Act, 28 U.S.C. Sec. 2341 et seq., which provides that a party aggrieved by a final order of the Commission "may, within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies." 28 U.S.C. Sec. 2344. Although the petitioner does not address the 1989 decision denying the petition to reopen the proceedings, that is the only decision which is properly before this court. The time limit of Sec. 2344 is jurisdictional; therefore, Pedersen's failure to file a timely petition for review from either of the original decisions or the 1985 refusal to reopen precludes our review of those decisions. See Friends of Sierra R.R. v. Interstate Commerce Comm'n, 881 F.2d 663, 666 (9th Cir.1989).
 
 
 6
 In Interstate Commerce Comm'n v. Brotherhood of Locomotive Eng'rs, 482 U.S. 270 (1987), the Supreme Court noted that where the Commission refuses to reopen the proceedings, the lawfulness of the refusal is all that is reviewable. Id. at 278. We review the refusal under an abuse of discretion standard. Id. However, the Supreme Court also noted that where the petition for reconsideration alleges only material error, as opposed to changed circumstances or new evidence, as the basis for reopening the decision, the order that denies the petition to reopen is not itself reviewable. Id. at 280. In this instance, Pedersen only alleged material error as the basis for reopening the decision in his petition. He submitted additional evidence with the petition, but he did not allege that it was unavailable at the original hearing; therefore, it is not "new" evidence within the meaning of the regulation sufficient to justify reopening the proceeding. Where the petition alleges only material error as the basis for reopening the decision, the prohibition on review of the denial of such petitions is jurisdictional and is intended to give meaning to the time limit imposed in the Hobbs Act for reviewing agency decisions. See Locomotive Eng'rs, 482 U.S. at 280-81; Sierra R.R., 881 F.2d at 666-67.
 
 
 7
 Finally, we note that Pedersen cannot satisfy the requirement that he is an aggrieved party to challenge the decision in this case. In order to establish that he is an aggrieved party, petitioner must show "that he has suffered an injury traceable to the Commission's ruling and redressable by a decision in his favor...." Water Transp. Ass'n v. Interstate Commerce Comm'n, 819 F.2d 1189, 1193-94 (D.C.Cir.1987). In this instance, Pedersen is alleging that he lost his seniority rights as a result of material errors made in the proceedings before the Commission. The effect that the acquisitions had on Pedersen's seniority rights in this case was governed by the terms of the labor agreement between the union and the carriers. The injury alleged is the result of action taken by his union and not action of the Commission. Even if Pedersen were to receive the relief that he seeks, it would have no effect on the loss of his seniority; therefore, he is not an aggrieved party within the meaning of the Act for the purpose of challenging the Commission's decision.
 
 III.
 
 8
 For all of the foregoing reasons the petition to review the order is
 
 
 9
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Petitioner has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record