921 F.2d 277
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tennessee Public Service Commission, Petitioner
v.
Interstate Commerce Commission; United States of America; Respondents
Central Transport, Incorporated; Con-Way Southern Express,
Inc.; Robert E. Brizendine, Trustee for Brown
Transport Corporation Trustee; Humboldt
Express, Inc., Intervenors.
 No. 90-3860.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1990.
 
 BEFORE: MERRITT, Chief Judge; JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Tennessee Public Service Commission (TPSC) seeks review of two decisions issued by the Interstate Commerce Commission (ICC) concerning exemptions granted Intervenor Con-Way Southern Express, Inc. (CSE) and moves this Court to stay enforcement of those orders pending review. Intervenor CSE and the respondent ICC oppose a stay and have filed separate motions to dismiss the petition as untimely filed. TPSC opposes the motions to dismiss.
 
 
 2
 Upon review of the materials before the Court, we find that TPSC's petition is neither timely nor taken from an appealable order. The Hobbs Act, 28 U.S.C. Sec. 2344, requires that a party seeking review of a final administrative order of the ICC file a petition for review with the appellate court within 60 days after entry. Unlike judicial orders, "entry of an ICC administrative order occurs when the agency's signature and seal are affixed to the order"; that date corresponds to the service date of the order. Chem-Haulers, Inc. v. United States, 536 F.2d 610, 614-15 (5th Cir.1976). The 60 day period is a jurisdictional requirement which may not be altered or extended. Kentucky v. Brock, 845 F.2d 117, 120 (6th Cir.1988); State of Texas v. United States, 749 F.2d 1144, 1146 (5th Cir.), cert. denied, 472 U.S. 1032 (1985); Calif. Ass'n of the Physically Handicapped v. FCC, 833 F.2d 1333, 1334 (9th Cir.1987); Sierra Club v. NRC, 825 F.2d 1356, 1359 (9th Cir.1987). To be timely filed, the petition must be received by the appellate court within 60 days; mailing the petition within that time frame is insufficient. See Danko v. Dir. OWCP, 846 F.2d 366, 369 (6th Cir.1988) (per curiam); see also Kahler-Ellis Co v. Ohio Turnpike Comm'n, 225 F.2d 922 (6th Cir.1955).
 
 
 3
 In the present case, the ICC's decision was served on July 30, 1990. The petition for review was filed in this Court on October 2, 1990, four days late. Moreover, even if the petition were timely filed, it does not appear that the petition was filed from a reviewable order as orders denying motions for reconsideration may be reviewed only when the underlying motion alleged new evidence or changed circumstances. See ICC v. Brotherhood of Locomotive Engineers, 486 U.S. 270 (1987).
 
 
 4
 Accordingly, it is ORDERED that this appeal be dismissed for want of appellate jurisdiction. The motion for a stay is denied as moot.