**Orville J. CAMP, Jr., Plaintiff,**

v.

**UNITED STATES BUREAU OF LAND MANAGEMENT, et al., Defendants.**

No. 96–3099.

United States District Court, D. Oregon.

April 14, 1998.

Daniel J. Stotter, Bahr & Stotter Law Offices, Eugene, OR, for Orville J. Camp, Jr.

Thomas C. Lee, U.S. Attorney's Office, Portland, OR, Roger W. Nesbit, Sol. Office, Portland, OR, for Bureau of Land Management.

Walter L. Cauble, Schultz Salisbury Cauble Versteeg & Dole, Grants Pass, OR, for Indian Hill Ltd., Partnership.

Gregory Joseph Miner, Bogle & Gates PLLC, Portland, OR, for Nature Conservancy.

## ORDER

HOGAN, Chief Judge.

Plaintiff brings this proceeding to enforce a right of way easement for water rights. Before the court are defendant Indian Hill Limited Partnership (Indian Hill)'s Motion to Dismiss (# 65), defendant Bureau of Land Management (BLM)'s Motion for Summary Judgment (# 67), plaintiff's Motion for Partial Summary Judgment (# 71), and plaintiff's Motion to Strike (# 90).

## FACTS

Plaintiff owns and resides on property in Selma, Oregon. Since 1858, plaintiff's family has drawn water from adjacent property known as Tuttle Springs, using the water for domestic and agricultural purposes.

On July 6, 1972, plaintiff's uncle and predecessor in interest, Lowell Camp, applied for a right of way from the BLM. On July 8, 1977, the BLM granted right of way No. OR 9630

for a domestic water pipeline. By its terms, the right of way was to expire July 7, 1997.

On June 19, 1987, the BLM proposed a land exchange with The Nature Conservancy, including the land servient to Lowell Camp's right of way. The notice of realty action for the proposed land exchange was published in the Federal Register on July 7, 1987. Ex. 17 to Declaration of Elaine Zielinski (# 15). Notice was also published three consecutive weeks in the Medford Mail Tribune and Grants Pass Daily Courier. On September 14, 1987 and October 8, 1987, the BLM's Grant Pass Area Manager and Butte Falls Area Manager signed a record of decision to proceed with the proposed land exchange.

On December 22, 1987, the BLM issued a patent to The Nature Conservancy conveying lands including the land servient to plaintiff's easement.[1] The conveyance was made "Subject to ... [t]hose rights for a water pipeline granted to Lowell F. Camp, his successors or assigns, by right of way No. OR 9630...." Ex. 8, p. 2 of Zielinski Declaration (# 15).

Soon after receiving the patent, The Nature Conservancy conveyed the land to Indian Hill. Indian Hill has refused no renew plaintiff's easement. The BLM also refuses to renew the easement on the basis that it no longer owns the land allegedly servient to plaintiff's right of way.

## DISCUSSION

### 1. BLM's Motion for Summary Judgment (# 67)

**a. Statute of Limitations**

The BLM argues plaintiff's APA and Fifth Amendment claims are barred by the statute of limitations. 28 U.S.C. § 2401(a) provides:

> Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.

---

1. The legal description of the land conveyed was NW1/4SW1/4, Section 21, Township 38 South, range 7 West, W.M. Oregon.

"Publication in the Federal Register is legally sufficient notice to all interested or affected persons regardless of actual knowledge or hardship resulting from ignorance." *Friends of Sierra RR v. ICC,* 881 F.2d 663, 667–68 (9th Cir.1989); *see also* 44 U.S.C. § 1507. Notice in the Federal Register is effective if it would "apprise a reasonable person of the issues involved in the proceeding." *Friends of Sierra RR,* 881 F.2d at 668.

■ Here, the Federal Register set forth the legal description of the lands to be exchanged and specified that the conveyance would be "subject to ... [a]ll other valid, existing rights, including, but not limited to, any right-of-way, easement of [sic?] lease of record." Ex. 17 to Zielinski Decl. (# 15). This language was sufficient to put plaintiff's predecessor in interest on notice that the BLM was conveying the servient land to a private party and that the discretion to renew the easement may no longer lie with the BLM. I find that publication of the July 7, 1987 Federal Register triggered the six-year statute of limitations.

■ Plaintiff argues the limitations period should be equitably tolled because the BLM represented, after the conveyance, that it was continuing to administer the right of way. To establish equitable tolling, a plaintiff must show:

(1) fraudulent conduct by the defendant resulting in concealment of the operative facts, (2) failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and (3) due diligence by the plaintiff until discovery of those facts.

*Federal Election Comm. v. Williams,* 104 F.3d 237, 240–41 (9th Cir.1996).

■ While the record contains every indication that plaintiff held a sincere expectation that the easement would be renewed, the record contains no evidence that the BLM or agents acted fraudulently to foster or perpetuate that expectation. The BLM concedes that its agents collected rents from Lowell Camp in June, 1982, but the uncontroverted evidence establishes that those agents made a mistake in doing so. *See* Deposition of James Badger, Attachment 3 to Federal Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judg-

ment (# 76), at 42–44 and Deposition of Mathew J. Craddock, Attachment 4 to # 76.

Plaintiff's APA and Fifth Amendment claims are barred by the six year statute of limitations provided by 28 U.S.C. § 2401. The BTM issued notice of its proposed land exchange on July 7, 1987 and conveyed the subject land on December 22, 1987. Plaintiff filed his complaint December 24, 1996, over nine years after publication in the Federal Register and nearly nine years after the land exchange at issue.

**b. Lack of Subject Matter Jurisdiction under Quiet Title Act**

The Quiet Title Act confers jurisdiction on the court to entertain an action "to quiet title to an ... an interest in real property in which an interest is claimed by the United States." 28 U.S.C. § 1346(f). The Quiet Title Act further provides:

If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease unless it has [independent ] jurisdiction of the civil action or suit....

28 U.S.C. § 2409(e).

■ Elaine Zielinski, the State BLM Director responsible for the issuance of patents and rights of way, represents in a Declaration that "the United States disclaims any present interest in the subject land, other than the reservations required by statute to be included on any patent of federal land." # 15 at 2. In light of the land exchange patent, which gave The Nature Conservancy all rights in the subject land except the United States' right of way to "ditches and canals," there is no indication that Ms. Zielinski's disclaimer is invalid or otherwise not in good faith. The BLM's attempt to collect rents, apparently based on a mistaken perception of the BLM's role in administering the right of way, does not evidence any bad faith on the part of the United States. Be-

cause the United States holds no interest in the property adverse to plaintiff's desire to renew his right of way, this court has no jurisdiction under the Quiet Title Act.[2]

## 2. Indian Hill's Motion to Dismiss (# 65) and Nature Conservancy's Motion for Summary Judgment (# 79)

Because the United States is an indispensable party to plaintiff's APA, Federal Quiet Title Act, and takings claims, those claims cannot proceed against Indian Hill or The Nature Conservancy absent the United States as a party. This court declines to exercise supplemental jurisdiction over the Oregon Quiet Title claim against The Nature Conservancy and Indian Hill, and those claims are dismissed without prejudice to refile in state court.

## CONCLUSION

Defendant BLM's Motion for Summary Judgment (# 67), defendant Indian Hill's Motion to Dismiss (# 65), and defendant The Nature Conservancy's Motion for Summary Judgment (# 79) are granted. Plaintiff's Motion for Partial Summary Judgment (# 71) and Motion to Strike (# 90)[3] are denied as moot. This action is dismissed.

---

**2.** Plaintiff contends that "even if the BLM had fully disclaimed all interest in the subject property …, this court still retains jurisdiction to address Plaintiff's federal Quiet Title Act claim" under *Donnelly v. United States,* 850 F.2d 1313 (9th Cir.1988). *Donnelly,* however, only held that while the United States' disclaimer divested the court of jurisdiction over the Quiet Title Act claim, it did not divest the court of jurisdiction over APA-based claims. In this case, plaintiff's APA and constitutional claims are barred by the statute of limitations.

**3.** The "new information" plaintiff moves to have stricken was irrelevant to the above analysis and does not serve as a ground for dismissing this action.