**Marion P. FRY, Dr., Petitioner,**

v.

**DRUG ENFORCEMENT AGENCY, Respondent.**

No. 03–70379.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Filed Dec. 8, 2003.

Laurence J. Lichter and on brief, Nedra Ruiz, San Francisco, CA, for the petitioner.

Mark T. Quinlivan, U.S. Department of Justice, Washington, D.C., for the respondent.

Before: PREGERSON, BEAM,* and PAEZ, Circuit Judges.

BEAM, Circuit Judge.

Dr. Marion Fry petitions for review of the Drug Enforcement Administration's (DEA) final order and the denial of her request for reconsideration of that final order and to reopen the proceedings. We dismiss the request for review of the final order because we lack jurisdiction, and affirm the DEA's denial of Dr. Fry's motion to reopen the proceedings.

## I. BACKGROUND

In March 2002, the DEA served Dr. Fry with an Order to Show Cause why it should not revoke her certificate of registration to dispense controlled substances, because her continued registration would be inconsistent with the public interest. *See* Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.* (CSA). The DEA did not receive a hearing request from Dr. Fry in response to this March 2002 order, and on December 13, 2002, the agency entered a final order revoking Dr. Fry's DEA certificate of registration.[1] The final order was

---

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. The DEA certificate of registration allows Dr. Fry to dispense prescriptions for controlled substances as allowed by law. Marijuana is currently classified by the federal government as a schedule I controlled substance, 21 U.S.C. § 812(c), which can only be dispensed in federally approved research projects. *See* 21 U.S.C. § 823(f). However, the State of California has enacted a law which permits physicians to recommend medicinal marijuana in appropriate medical circumstances. Cal. Health & Safety Code § 11362.5.

published in the *Federal Register* on December 20, 2002. *Marion "Molly" Fry, M.D.; Revocation of Registration,* 67 Fed. Reg. 78,015 (Dec. 20, 2002). In response, counsel for Dr. Fry faxed a letter to the DEA on January 10, 2003, requesting that the DEA dissolve the final order revoking her registration and set an administrative hearing date. The Deputy Administrator of the DEA interpreted this fax as a request to reopen the revocation proceedings, and denied the request on January 17, 2003. On January 22, 2003, Dr. Fry filed her petition for review with this court. In this petition, Dr. Fry appeals both the final order of December 20, 2002, and the denial of the request to reopen issued on January 17, 2003.

The DEA argues that the petition for review is untimely under the thirty-day time limit contained in 21 U.S.C. § 877 and this court does not have jurisdiction to consider Dr. Fry's challenge to the final order. The DEA asserts that we do have limited jurisdiction under section 877 to review the DEA's denial of Dr. Fry's January 10, 2003, request to reopen the proceedings, but only to the extent that the request was unlawfully denied.

Dr. Fry argues that she asked her then-attorney to respond to the March 2002 order by requesting a hearing, and was under the impression that after her attorney made that request, the DEA would set a hearing before revoking her certificate. Dr. Fry did not know that a hearing had not been requested until she received notice of the final order in December. Dr. Fry contends that the proceedings should be reopened because she has thus far been deprived of the opportunity to be heard.

## II. DISCUSSION

▮ The narrow parameters of our review are set by the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.* (APA), and this court may not substitute its judgment for the agency's. *Arizona Cattle Growers' Ass'n v. U.S. Fish & Wildlife Bureau of Land Mgmt.,* 273 F.3d 1229, 1236 (9th Cir.2001). Agency decisions may be set aside only if arbitrary, capricious, an abuse of discretion or not in accordance with the law. 5 U.S.C. § 706(2)(A). As long as the agency's decision was based on a consideration of relevant factors and there is no clear error of judgment, the agency did not act in an arbitrary and capricious manner. *Arizona Cattle Growers',* 273 F.3d at 1236.

Federal Rule of Appellate Procedure 15(a) provides that "[r]eview of an agency order is commenced by filing, within the time prescribed by law, a petition for review." In 21 U.S.C. § 877, the CSA sets forth the prescribed time limits for review of final orders issued by the DEA. Section 877 provides,

> All final determinations, findings, and conclusions of the Attorney General under this subchapter shall be final and conclusive decisions of the matters involved, except that any person aggrieved by a final decision ... may obtain review of the decision in the United States Court of Appeals for the District of Columbia or for the circuit in which his principal place of business is located upon petition filed with the court and delivered to the Attorney General within thirty days after notice of the decision.

The issue of whether the thirty-day filing deadline is a jurisdictional requirement is one of first impression in the Ninth Circuit. Because we have held that similar time requirements for filings are jurisdictional, *e.g., Felt v. Dir., Office of Workers' Comp. Programs,* 11 F.3d 951, 952 (9th Cir.1993) (holding that the sixty-day deadline for filing appeals from agency orders entered pursuant to the Longshore and Harbor Workers' Compensation Act was jurisdictional); *California Ass'n of the*

*Physically Handicapped, Inc. v. Fed. Communications Comm'n,* 833 F.2d 1333, 1334 (9th Cir.1987) (holding that sixty-day time limit for filing petition for review of FCC order denying a petition for rulemaking was jurisdictional), we follow the reasoning of the Fifth Circuit in *Nutt v. Drug Enforcement Admin.,* 916 F.2d 202, 203 (5th Cir.1990), and hold that a timely filed petition for review under section 877 is a jurisdictional requirement for appellate review.

As the thirty-day time limit contained in 21 U.S.C. § 877 is jurisdictional, we cannot consider the merits of Dr. Fry's case. Dr. Fry filed her petition for review on January 22, 2003, thirty-two days after notice of the final order was published in the *Federal Register.* Publication in the *Federal Register* is the affirmative act that begins the running of the thirty-day time limit. 21 C.F.R. § 1316.67. Dr. Fry was clearly informed of these dates and filing deadlines in the cover letter attached to the December 13, 2002, final order. Therefore, we do not have jurisdiction to consider the merits of the agency's final order.

■ The government asserts that we do, however, have limited jurisdiction to review whether the DEA's refusal to reopen the proceedings was lawful. We review an agency's decision not to reopen administrative proceedings for an abuse of discretion. *Interstate Commerce Comm'n v. Bhd. of Locomotive Eng'rs,* 482 U.S. 270, 278, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987).

■ "When the [agency] reopens a proceeding for any reason and, after reconsideration, issues a new and final order . . . that order—even if it merely reaffirms the rights and obligations set forth in the original order—is reviewable on its merits."

*Id.* But, if the agency refuses to reopen, we may *only* review "the lawfulness of the refusal." *Id.* The Court in *Locomotive Engineers* pointed out that, in order to get the record reopened, a petitioner may not simply argue that the agency made a material error in the original agency decision; instead, she must bring forth new evidence or changed circumstances. *Id.*

Dr. Fry cannot allege any "new" evidence here. She only alleges evidence she could have introduced at a hearing had she timely requested one. This type of evidence is not "new" evidence. *See Friends of Sierra R.R., Inc. v. Interstate Commerce Comm'n,* 881 F.2d 663, 667 (9th Cir.1989) (holding that *"newly raised* evidence is not the same as *new* evidence") (emphasis in original).

■ The only possible basis for arguing the availability of "new" evidence is found in an affidavit from Dr. Fry's first attorney in which he asserts he timely requested a hearing by mailing such a request to the DEA. However, the government points out that this affidavit was executed on January 24, 2003, two days after Dr. Fry's petition for review was filed, and well after the January 10 "motion" to reopen the record. The agency cannot have unlawfully refused to reopen the record based upon information it was not given. Under these circumstances,[2] the DEA did not abuse its discretion.

### III. CONCLUSION

We have no jurisdiction to review Dr. Fry's petition for review of the merits of the final order because she did not file her petition within the jurisdictional thirty-day time limit contained in 21 U.S.C. § 877. Furthermore, the DEA did not abuse its

---

**2.** We are not unsympathetic to Dr. Fry's plight; we are simply unwilling to create an appellate remedy where there is none. As we noted at oral argument, however, Dr. Fry can likely file another motion for reconsideration, but this time support the motion with the attorney's affidavit.

discretion in refusing to reopen or reconsider Dr. Fry's case. We therefore affirm.

AFFIRMED.