**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

GEORGE MATHEW, M.D.,

        Petitioner,

  v.

UNITED STATES DRUG
ENFORCEMENT AGENCY,

        Respondent.

</td><td>

No. 10-73480

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Drug Enforcement Agency

Argued and Submitted March 6, 2012
Seattle, Washington

Before: FERNANDEZ and PAEZ, Circuit Judges, and GWIN, District Judge.[**]

George Mathew, M.D., appeals the Drug Enforcement Agency Deputy

Administrator's final decision denying his application for renewal of his DEA

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable James S. Gwin, District Judge for the U.S. District Court for Northern District of Ohio, sitting by designation.

registration certificate. We have jurisdiction under 21 U.S.C. § 877 and we deny the petition for review.

The narrow parameters of our review are set by the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*, and this court may not substitute its judgment for the agency's. *Fry v. D.E.A.*, 353 F.3d 1041, 1043 (9th Cir. 2003). The agency's factual findings are reviewed under the substantial evidence standard, *Donchev v. Mukasey*, 553 F.3d 1206, 1212-13 (9th Cir. 2009), and its decisions may be set aside only if arbitrary, capricious, an abuse of discretion, or not in accordance with the law. *Fry*, 353 F.3d at 1043 (citing 5 U.S.C. § 706(2)(A)).

An application for registration may be denied if the Administrator "determines that the issuance of such registration would be inconsistent with the public interest." 21 U.S.C. § 823(f). Inconsistency with the public interest is determined by considering five statutory factors. *Id.* The Administrator may accord each factor the weight that he or she deems appropriate in determining the public interest. *See, e.g., Paul Stepak, M.D.*, Revocation of Registration, 51 Fed. Reg. 17556 (May 13, 1986).

The parties' sole material dispute concerns the fifth factor, whether renewal of Mathew's registration may threaten public health and safety. In considering the

2

fifth factor, the Deputy Administrator relied on the following evidence: (1) Mathew's name, registration number, and a substantially correct version of his address were found on mailing labels discovered during "trash runs" conducted at pharmacies associated with Heynowmeds, an internet-based conspiracy to dispense controlled substances, (2) Mathew was listed as the prescribing physician on a spreadsheet seized when DEA agents executed a search warrant of Heynowmeds pharmacies, (3) Mathew was listed as the prescribing physician for a DEA undercover purchase of hydrocodone, and (4) a DEA wiretap revealed 136 prescriptions for controlled substances for which Mathew was listed as the authorizing physician. In addition, Mathew admitted to being a prescribing physician for Abel Rodriguez, who owned a Heynowmeds pharmacy, though he denied prescribing controlled substances for that pharmacy. Mathew did not provide the DEA with his bank account records to verify the compensation he received from Rodriguez, though he promised to do so. Finally, Mathew admitted that he had previously prescribed a significant number of controlled substances through the online pharmacy eDrugstore, without establishing bona fide doctor-patient relationships. The Deputy Administrator drew a reasonable inference from this evidence that Mathew participated in the Heynowmeds conspiracy, and that his involvement constituted a second offense.

3

The Deputy Administrator also reasonably drew an adverse inference from Mathew's failure to accept responsibility for his involvement. Longstanding agency precedent demonstrates that the DEA considers acceptance of responsibility to be an important factor when assessing whether a physician's registration is consistent with the public interest, regardless of the severity of the violations alleged. *See, e.g., Vincent J. Scolaro, D.O.*, Grant of Restricted Registration, 67 Fed. Reg. 42,060 (June 20, 2002) (granting registration as consistent with the public interest despite recent substance abuse and felony convictions based in part on physician's acceptance of responsibility); *see also Morall v. Drug Enforcement Admin.*, 412 F.3d 165, 182 (5th Cir. 2005) (collecting agency cases).

By contrast, Mathew offered little evidence to support his contention that he was the victim of identity theft. Other than the polygraph examination which the Deputy Administrator rightfully disregarded, he offered the testimony of a forensic information technology specialist who, at best, presented a plausible theory of how Mathew's identity might have been obtained and misused. Though Mathew denied involvement in the conspiracy during an interview with DEA agents, he did not testify on his own behalf. On balance, therefore, substantial evidence supported the Deputy Administrator's determination that renewal of Mathew's registration

4

was contrary to the public interest. *See Gebhart v. S.E.C.*, 595 F.3d 1034, 1043 (9th Cir. 2010).

We reach this conclusion assuming, without deciding, that the Deputy Administrator impermissibly shifted the burden of proof to Mathew, impermissibly drew an adverse inference from Mathew's failure to testify, and erred in failing to draw an inference that government witnesses, if called to testify, would not have implicated Mathew in the conspiracy. Any such error was harmless in light of the substantial evidence upon which the Deputy Administrator relied in denying Mathew's renewal application.

Mathew's petition for review is DENIED.