**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID A. RUBEN, M.D., | No. 13-72577 |
| Petitioner, | DEA No. USDOJ/DEA No. 11-39 |
| v. | |
| DRUG ENFORCEMENT ADMINISTRATION, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Drug Enforcement Administration

Submitted October 22, 2015[**]
San Francisco, California

Before: WALLACE, SILVERMAN, and CHRISTEN, Circuit Judges.

Petitioner David Ruben seeks review of the decision by the Administrator of

the Drug Enforcement Administration to suspend Ruben's Certificate of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Registration for one year and to impose conditions on his registration for two years. We have jurisdiction under 21 U.S.C. § 877, and we deny Ruben's petition.

We may set aside the Administrator's decision only if it was "arbitrary, capricious, an abuse of discretion or not in accordance with the law." *Fry v. Drug Enf't Agency*, 353 F.3d 1041, 1043 (9th Cir. 2003) (citing 5 U.S.C. § 706(2)(a)). A decision is not arbitrary and capricious if it is "based on a consideration of relevant factors and there is no clear error of judgment." *Id.* The Administrator's factual findings are conclusive if supported by substantial evidence. *See* 21 U.S.C. § 877.

Here, the Administrator considered the statutory factors to determine whether registration was inconsistent with the public interest. *See* 21 U.S.C. § 824(a)(4) (authorizing suspensions where registration is inconsistent with the public interest); 21 U.S.C. § 823(f) (identifying statutory factors); *Medicine Shoppe—Jonesborough*, 73 Fed. Reg. 364, 380 (Jan. 2, 2008). The Administrator also considered factors identified in agency precedent, including Ruben's acceptance of responsibility for his past misconduct and evidence of reform, *see Medicine Shoppe*, 73 Fed. Reg. at 387, the egregiousness of Ruben's actions, *see Paul H. Volkman*, 73 Fed. Reg. 30,630, 30,644 (May 28, 2008), and the need for deterrence, *Joseph Gaudio, M.D.*, 74 Fed. Reg. 10,083, 10,094 (Mar. 9, 2009).

After reviewing these factors, the Administrator found the egregiousness of Ruben's actions and the need for deterrence warranted suspending Ruben's registration. The Administrator assigned less weight to Ruben's evidence of reform not because the Administrator challenged the credibility of Ruben's testimony but because of evidence that Ruben improperly dispensed high doses of opioids to a patient while Ruben was on probation by the State of Arizona.

The Administrator's decision was not a clear error of judgment in light of the Administrator's findings that Ruben committed acts inconsistent with the public interest between 2006 and 2009, that Ruben "acted outside of the usual course of professional practice and lacked a legitimate medical purpose" for many prescriptions, and that in some instances his prescriptions "completely betrayed any semblance of legitimate medical treatment."

These findings are supported by substantial evidence in the Arizona Medical Board's 2009 Consent Agreement and 2010 Order. The Agreement and Order show that Ruben often prescribed drugs without conducting proper examinations, without documenting a rationale for the prescriptions, without monitoring patients' medication use, without obtaining prior medical records, and without questioning patients' claims of damaged or stolen prescriptions. Ruben also provided early refills or escalated doses without supporting documentation and, on some

occasions, continued to prescribe drugs to patients who tested positive for narcotics he had not prescribed.

Finally, Ruben's prior state suspension does not render the Administrator's decision to suspend his federal registration arbitrary and capricious. The Administrator was aware of Ruben's prior suspension but correctly recognized that the agency's obligation to protect the public interest derives from the federal government, a sovereign separate from the State of Arizona with different jurisdiction and goals.

**DENIED.**