NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRED SAMIMI, M.D.,

Petitioner,

v.

U.S. DRUG ENFORCEMENT
ADMINISTRATION,

Respondent.

No. 14-71315

MEMORANDUM[*]

On Petition for Review of an Order of the
Drug Enforcement Agency

Submitted January 18, 2017[**]

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Fred Samimi, M.D., appeals pro se from the U.S. Drug Enforcement

Administration ("DEA") Administrator's judgment denying his applications for

DEA Certificates of Registration. We have jurisdiction under 21 U.S.C. § 877.

We review for substantial evidence the agency's factual findings, *id.*, and for an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the agency's decision, *Fry v. Drug Enforcement Agency*, 353

F.3d 1041, 1043 (9th Cir. 2003).  We affirm.

The DEA Administrator's denial of Dr. Samimi's applications for

Certificates of Registration was not an abuse of discretion because substantial

evidence supported the Administrator's finding that Dr. Samimi committed acts

that were inconsistent with the public interest.  *See* 21 U.S.C. § 823(f); *NLRB v.*

*Int'l Bhd. of Elec. Workers, Local 48*, 345 F.3d 1049, 1054 (9th Cir. 2003)

("Substantial evidence is that which a reasonable mind might accept as adequate to

support a conclusion" (citations omitted)); *Fry*, 353 F.3d at 1043 (agency decision

is not arbitrary and capricious if "based on a consideration of the relevant factors

and there is no clear error of judgment" (citation omitted)).  Contrary to Dr.

Samimi's contentions, the sanction imposed by the Administrator was not

impermissibly severe.  *See Spencer v. Livestock Comm'n Co. v. Dep't of Agric.*,

841 F.2d 1451, 1456-57 (9th Cir. 1988) ("[T]he employment of a sanction within

the authority of an administrative agency is . . . not rendered invalid in a particular

case because it is more severe than sanctions imposed in other cases . . . Therefore,

mere unevenness in the application of the sanction does not render its application

in a particular case 'unwarranted in law.' " (citation and internal quotation marks omitted)).

**AFFIRMED.**