NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEITH K. LY,

Petitioner,

v.

UNITED STATES OF AMERICA; et al.,

Respondents.

No. 15-71833

DEA No. 4410-09-P

MEMORANDUM*

On Petition for Review of an Order of the
Drug Enforcement Agency

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Keith K. Ly, M.D., seeks review of the decision by the Administrator of the

U.S. Drug Enforcement Administration ("DEA") suspending Ly's DEA Certificate

of Registration and denying his application for renewal. We have jurisdiction

under 21 U.S.C. § 877. We review for substantial evidence the agency's factual

findings. 21 U.S.C. § 877. We may set aside the Administrator's decision only if

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

it was "arbitrary, capricious, an abuse of discretion or not in accordance with the law." *Fry v. Drug Enforcement Agency*, 353 F.3d 1041, 1043 (9th Cir. 2003). We deny Dr. Ly's petition.

The DEA Administrator did not abuse her discretion by denying Dr. Ly's motion to reopen because Dr. Ly waived the opportunity for a hearing on his registration status. *See* 21 C.F.R. § 1301.43; *see also Pincay v. Andrews*, 389 F.3d 853, 855-56 (9th Cir. 2004) (ignorance of the rules or mistakes construing the rules do not usually constitute excusable neglect).

The Administrator did not abuse her discretion by suspending Dr. Ly's Certificates of Registration and denying any renewal applications because the Administrator properly considered the statutory factors to determine whether registration was inconsistent with the public interest. *See* 21 U.S.C. § 823(f); *Fry*, 353 F.3d at 1043 (agency decision is not arbitrary and capricious if "based on a consideration of the relevant factors and there is no clear error of judgment" (citation omitted)). Contrary to Dr. Ly's contentions, the Administrator's imposition of this sanction did not violate Dr. Ly's due process rights or implicate the Double Jeopardy Clause. *See Hudson v. United States*, 522 U.S. 93, 98-99 (1997) (Double Jeopardy clause only prohibits the imposition of multiple criminal

15-71833

punishments for the same offense); *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 716 (9th Cir. 2011) (discussing elements of a procedural due process claim).

We reject as unsupported by the record Dr. Ly's contention that the Administrator was biased against him.

**DENIED.**