**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



**FILED**

JUL 31 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON M. RAWLS,

          Plaintiff - Appellant,

  v.

UNITED STATES OF
AMERICA; SECRETARY OF THE
ARMY,

          Defendants - Appellees.

No. 24-4646

D.C. No.
8:23-cv-00364-JWH-JDE

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted May 12, 2025
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.
Dissent by Judge BENNETT

    Jason Rawls appeals the judgment dismissing his first amended complaint as

untimely under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Ford v. Long Beach Unified Sch.*

*Dist.*, 461 F.3d 1087, 1089 (9th Cir. 2006). We vacate and remand.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.     Actions brought under the Administrative Procedure Act are subject to a six-year statute of limitations. *See* 28 U.S.C. § 2401(a). Rawls challenges the Army Board for Correction of Military Records (ABCMR)'s decision denying his request for reconsideration, not the ABCMR's earlier decision denying his initial application for relief. *See* First Am. Compl. ¶ 1; Pl.'s Opp'n to Mot. to Dismiss First Am. Compl. at 5. The ABCMR issued the decision denying reconsideration in 2021, and Rawls commenced this action in 2023. Rawls's complaint was therefore timely. The district court erred by concluding otherwise.

2.     That is not the end of the matter. Rawls must also establish that the ABCMR's 2021 decision is judicially reviewable. To do so, he must show that his 2018 request for reconsideration was both timely and based on either "new evidence" or "changed circumstances."[1] We consider these questions in turn.

a.     We conclude that Rawls's request for reconsideration was timely because it was filed in accordance with 10 U.S.C. § 1552(a)(3)(D), which states that "[a]ny request for reconsideration of a determination of a board under this section, no matter when filed, shall be reconsidered by a board under this section if supported by materials not previously presented to or considered by the board in

---

[1] We assume without deciding that an ABCMR decision denying a request for reconsideration is not judicially reviewable unless the underlying request for reconsideration was timely. *Cf. ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 276 (1987) (noting that the petitioners had filed their requests for reconsideration "[w]ithin the period prescribed by [Interstate Commerce] Commission rules").

making such determination." The district court declined to apply § 1552(a)(3)(D) "retroactively" to Rawls's request for reconsideration. But this case does not involve a retroactive application of § 1552(a)(3)(D).

First, although § 1552(a)(3)(D) imposes a new duty on boards for the correction of military records, this case does not involve a retroactive application of this duty. Section 1552(a)(3)(D) became effective in December 2016, and Rawls filed his request for reconsideration in 2018. Thus, as applied to Rawls's request for reconsideration, § 1552(a)(3)(D) imposes a new duty prospectively rather than retroactively.

Second, this case is not governed by the principle that "a newly enacted statute that lengthens the applicable statute of limitations may not be applied retroactively to revive a plaintiff's claim that was otherwise barred under the old statutory scheme because to do so would 'alter the substantive rights' of a party." *Chenault v. U.S. Postal Serv.*, 37 F.3d 535, 539 (9th Cir. 1994). A federal regulation states that requests for ABCMR reconsideration must be filed within one year. *See* 32 C.F.R. § 581.3(g)(4). But the Applicant's Guide to Applying to the Army Board for Correction of Military Records states that this deadline "will be waived in the interest of justice and the case will be reconsidered by the ABCMR" on the merits where, as here, "any substantial new relevant evidence has been submitted that was not previously considered by the Board." Rawls invoked

this provision here, and the ABCMR proceeded to consider Rawls's request for reconsideration on the merits. We are therefore persuaded that Rawls's request for reconsideration was timely under the pre-§ 1552(a)(3)(D) statutory scheme, rendering *Chenault* inapplicable.

b. An agency decision denying reconsideration is judicially reviewable when the underlying request for reconsideration is based on "new evidence or changed circumstances." *Locomotive Eng'rs*, 482 U.S. at 284. The district court did not address whether Rawls's request for reconsideration was based on "new evidence" or "changed circumstances," and the parties have not meaningfully briefed this issue on appeal. We therefore decline to address it. *See Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1100, 1114 (9th Cir. 2020). If the issue arises on remand, the district court should bear in mind that *Locomotive Engineers*' "new evidence" prong requires evidence that is both newly presented and newly available. *See Fry v. DEA*, 353 F.3d 1041, 1044 (9th Cir. 2003); *Friends of Sierra R.R., Inc. v. ICC*, 881 F.2d 663, 667 (9th Cir. 1989). In addition, if the issue arises on remand, the district court may wish to consider whether the changed circumstances standard governing Rule 60(b)(5) has any bearing on the "changed circumstances" prong under *Locomotive Engineers*. *See Horne v. Flores*, 557 U.S. 433, 447–48 (2009). We express no opinion on that subject.

**VACATED AND REMANDED.**[2]

---

[2] Costs on appeal are awarded to Rawls. *See* Fed. R. App. P. 39(a)(4).

*Rawls v. United States, et al.*, No. 24-4646

BENNETT, Circuit Judge, dissenting:

A petition for reconsideration must be both timely and justiciable. Because Plaintiff Jason Rawls's petition for reconsideration was neither, his statute of limitations began to run when he first received the Army Board for Correction of Military Records' (ABCMR) adverse decision in April 2015. Rawls failed to file a claim before the district court until March 2023. Because the Administrative Procedure Act (APA) has a six-year statute of limitations, 28 U.S.C. § 2401(a), the district court did not err in finding that his suit was untimely. Thus, I respectfully dissent.

1. Rawls's 2018 petition for reconsideration was not timely. When his petition for review was denied in April 2015, then-existing regulations provided that Rawls had to file a "request for reconsideration within 1 year of the ABCMR's original decision." 32 C.F.R. § 581.3(g)(4)(i) (2014). Rawls failed to do so. Instead, Rawls filed his petition for reconsideration in 2018—more than two years after the deadline to petition for reconsideration had passed. The majority attempts to cast Rawls's 2018 petition as timely because 10 U.S.C. § 1552(a)(3)(D) "became effective in December 2016, and Rawls filed his request for reconsideration in 2018." Maj. at 3. But the majority ignores when the agency decision for which Rawls sought reconsideration was made. Because Rawls received his adverse decision in 2015,

1

the timing requirements for requests for reconsideration as they existed *in 2015* apply. Thus, Rawls's 2018 petition was untimely.

A statute enacted in 2016 can apply to a 2015 administrative decision only if the statute is retroactive. *See Chang v. United States*, 327 F.3d 911, 920 (9th Cir. 2003) ("Whether a statute has a retroactive effect is a fairly straightforward question: it is retroactive if it alters the legal consequences of acts completed before its effective date."); *INS v. St. Cyr*, 533 U.S. 289, 321 (2001) ("A statute has retroactive effect when it 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past . . . .'" (alteration in original) (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269 (1994))). That is particularly true here, because the 2018 petition was a petition for *reconsideration*; we cannot divorce the timing of a petition for reconsideration from the date of the original agency decision.

But the changes in 10 U.S.C. § 1552(a)(3)(D) do not apply retroactively. Congress did not instruct that the statute applies retroactively. *See Lindh v. Murphy*, 521 U.S. 320, 328 n.4 (1997) ("[C]ases where this Court has found truly 'retroactive' effect adequately authorized by a statute have involved statutory language that was so clear that it could sustain *only one interpretation*." (emphasis added)). And our precedent instructs that "a newly enacted statute that lengthens the applicable statute

2

of limitations may not be applied retroactively to revive a plaintiff's claim that was otherwise barred under the old statutory scheme because to do so would 'alter the substantive rights' of a party and 'increase a party's liability.'"[1]  *Chenault v. U.S. Postal Serv.*, 37 F.3d 535, 539 (9th Cir. 1994).  Because Rawls did not timely petition for reconsideration by April 2016, his opportunity for reconsideration had expired.  Rawls's claim would be revived, altering the substantive rights of the Army, if he is now allowed to petition for reconsideration.  Therefore, 10 U.S.C. § 1552(a)(3)(D) cannot be applied retroactively.

2.  Even if his 2018 petition was timely, which it was not, Rawls's request for reconsideration was not justiciable under *ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270 (1987).[2]  To be justiciable, a petition for reconsideration

---

[1] The majority says this principle does not apply because the Applicant's Guide to Applying to the Army Board for Correction of Military Records states that the deadline can be waived if substantial new evidence is presented.  Maj. at 3–4.  As discussed below, Rawls did not present new evidence.  But even if he had, the Guide did not contain this language in 2015, when Rawls received his initial decision.  *See* Exhibit B, *Nat'l Veterans Legal Servs. Program v. Dep't of Def.*, No. 14-cv-01915 (D.D.C. Jan. 20, 2015), ECF No. 9-2.  The language that the majority relies on appears to have been included after Congress made changes to 10 U.S.C. § 1552(a)(3)(D) in December 2016.

[2] The district court did not evaluate whether there was new evidence or changed circumstances under *Locomotive Engineers*, and the majority declines to reach this issue.  Maj at 4–5.  But "[w]e may affirm on any basis supported by the record," *Fisher v. Kealoha*, 855 F.3d 1067, 1069 (9th Cir. 2017) (per curiam), and because Rawls's petition was not made "on the basis of new evidence or changed circumstances," *Locomotive Eng'rs*, 482 U.S. at 284, I would affirm.

3

must be made "on the basis of new evidence or changed circumstances." *Id.* at 284. Otherwise, the agency's refusal is "ploughed ground" and "nonreviewable." *Id.*

The majority suggests that "the district court may wish to consider whether the changed circumstances standard governing [Federal Rule of Civil Procedure] 60(b)(5) has any bearing on" this standard. Maj. at 4. Rule 60(b)(5) applies to final judgments by the district courts and "may not be used to challenge the legal conclusions on which a prior judgment or order rests." *Horne v. Flores*, 557 U.S. 433, 447 (2009). But *Locomotive Engineers* dealt with the justiciability of agency denials of petitions for reconsideration, not district court judgments. Any changes to Rule 60(b)(5) are therefore inapplicable to *Locomotive Engineers*.

Rawls failed to present new evidence in his petition for reconsideration. Rawls included evidence that the Army was aware of his schizophrenia diagnosis and that his family attempted to contact the Army about his mental health issues. But this evidence was available at the time of the original decision. *See Fry v. DEA*, 353 F.3d 1041, 1044 (9th Cir. 2003) (Evidence that a petitioner could have introduced at the time of the initial decision "is not 'new' evidence.").

Rawls argues that the Kurta Memorandum constituted new evidence or changed circumstances not before the Board in 2015. But "new evidence or changed circumstances" are limited to changed *facts*, not changes to administrative policy. The Supreme Court described "new evidence or changed circumstances" in

4

*Locomotive Engineers* as "*facts* which, through no fault of his own, the original proceeding did not contain" and "*new data*." 482 U.S. at 279 (emphases added). By contrast, a petition lacking "new evidence or changed circumstances" presented "the *same substance* that could have been brought there by appeal from the original order" and "the *same record* that was before the agency when it rendered its original decision." *Id.* at 279, 280 (emphases added). The Supreme Court's language clearly forecloses changes to policy or to the standard of review from constituting new evidence. Further, *Locomotive Engineers*'s limitation would be meaningless if any policy change, like the Kurta Memorandum, amounted to "new evidence or changed circumstances" permitting review. A petitioner could endlessly petition for reconsideration because any change to policy would render a petition justiciable, no matter how many decades old the original decision was or how slight the policy change was. Because the Kurta Memorandum is not new data or facts, Rawls's petition for reconsideration was not justiciable.

\* \* \*

Rawls received a final agency decision in April 2015. His statute of limitations began to run then. *See Corner Post, Inc. v. Bd. of Governors of the Fed. Rsrv. Sys.*, 603 U.S. 799, 809 (2024) ("A right of action 'accrues' when the plaintiff has a 'complete and present cause of action'—*i.e.*, when she has the right to 'file suit and obtain relief.'" (quoting *Green v. Brennan*, 578 U.S. 547, 554 (2016))). Rawls

5

failed to file suit until March 2023, far past the six-year statute of limitations under the APA. *See* 28 U.S.C. § 2401(a). Rawls's 2018 petition for reconsideration was not timely and was not justiciable. Therefore, it did not toll the running of his statute of limitations. For these reasons, I would affirm the district court's dismissal of Rawls's complaint as untimely. I respectfully dissent.