**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VIVIAN WRIGHT-BOLTON, | No. 16-15317 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01612-APG-PAL |
| v. | |
| MELANIE ANDRESS-TOBIASSON; KOCKA & BOLTON, LLC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted August 11, 2017[**]
Pasadena, California

Before: FARRIS, CALLAHAN, and OWENS, Circuit Judges.

Vivian Wright-Bolton appeals from the District Court's ruling granting

summary judgment in favor of Judge Melanie Andress-Tobiasson based on Judge

Andress-Tobiasson's claim of absolute judicial immunity, and denying Wright-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bolton's cross-motion for a stay of summary judgment pursuant to Federal Rule of Civil Procedure 56(d). Wright-Bolton's suit alleged claims for violation of her civil rights under 42 U.S.C. § 1983, negligence, intentional infliction of emotional distress, and conspiracy in connection with Judge Andress-Tobiasson's issuance of an order concerning Wright-Bolton's divorce proceedings in a Canadian court. **ER 204–08.** As the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      We review a district court's grant of summary judgment de novo. *Fisher v. Kealoha*, 855 F.3d 1067, 1069 (9th Cir. 2017). When neither party identifies any material fact in dispute, we need "consider only whether the district court correctly applied the law." *Id.* We review a district court's decision on a Rule 56(d) motion to stay summary judgment pending further discovery for abuse of discretion. *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

2.      A judge enjoys total immunity from suit for her actions except in two instances: when the judge's actions are "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity[,]" or when the judge's actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (internal citations omitted); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).

2

The Supreme Court held in *Stump* that any deficiencies in form cannot make an otherwise judicial act, like an order, into a non-judicial act. 435 U.S. at 362–63. Indeed, the issuance of orders is a quintessential judicial act. Thus, we find that Judge Andress-Tobiasson's actions were taken in her judicial capacity.

Furthermore, although the jurisdiction of the Nevada Justice Court does not extend to the subject matter of Judge Andress-Tobiasson's order, Nev. Rev. Stat. § 4.370, the relevant Canadian statute, Civil Marriage Act, S.C. 2005, c. 33, refers broadly to "a court located in the state where one of the spouses resides." *See* **ER 100.** We have previously held that where a judge has a "colorable authority" for asserting jurisdiction, she has not acted in the "clear absence of all jurisdiction." *Crooks v. Maynard*, 913 F.2d 699, 701 (9th Cir. 1990). Likewise, when a judge "misinterpret[s] a statute and erroneously exercise[s] jurisdiction[,]" she is not acting in the clear absence of jurisdiction. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Given the breadth of the Canadian statute, Judge Andress-Tobiasson acted with "colorable authority." We find that Judge Andress-Tobiasson did not act in the "*clear* absence of all jurisdiction." *Stump*, 435 U.S. at 357 (emphasis added) (internal quotation marks and citation marks omitted).

3.      Finally, Wright-Bolton's motion to stay the summary judgment proceedings pending further discovery failed to articulate the "the specific facts that [she] hope[d] to elicit from further discovery . . . ." *California ex rel. Cal.*

*Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)**;**

*see* **ER 86–87; Blue 20–22**. The district court therefore did not abuse its discretion

in denying Wright-Bolton's request.

      **AFFIRMED**.