**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHIRLEY NICHOLS, | No.    16-56042 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01215-DSF-MRW |
| v. | |
| CITIBANK, N.A., et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted March 5, 2018
Pasadena, California

Before:  REINHARDT and NGUYEN, Circuit Judges, and SETTLE,[**] District Judge.

Plaintiff-Appellant Shirley Nichols ("Nichols") appeals the district court's

order granting summary judgment on her class action claims in favor of

Defendants-Appellees Citibank, N.A., Citigroup, Inc., and Citimortgage, Inc.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

(collectively "Citibank").  Nichols argues that the district court erred in determining that the class action settlement release in *Raniere v. Citigroup Ins.*, No. 1:11-cv-2448-RWS (S.D.N.Y.), barred Nichols's present claims.  "We review de novo a district court's grant of summary judgment," *Fisher v. Kealoha*, 855 F.3d 1067, 1069 (9th Cir. 2017) (citation omitted), and affirm.

**1.**  When assessing the valid scope of a class action settlement agreement, we employ an  "identical factual predicate" rule under which "a federal court may release not only those claims alleged in the complaint, but also a claim based on the identical factual predicate as that underlying the claims in the settled class action." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (quotation marks omitted).  Nichols argues that for a class action release to be preclusive, "the claims must be 'identical' to be barred."  However, our precedent states the opposite:

> A settlement agreement may preclude a party from bringing a related claim in the future "*even though the claim was not presented and might not have been presentable in the class action*," but only where the released claim is "based on the identical factual predicate as that underlying the claims in the settled class action."

*Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (quoting *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992)) (emphasis added).  While a subsequent claim

must be based on an identical factual predicate for a class action release to be preclusive, there is no requirement that the claims be identical.

**2.** Nichols fails to distinguish the factual predicates of her present claims from the factual predicate of *Raniere* even though she focuses her present claims narrowly on a specific method whereby Citibank miscalculated the base wages used to compute the overtime wages owed to non-exempt employees. The operative complaint for the class action in the *Raniere* settlement was predicated on allegations of (1) unpaid wages due to the misclassification of non-exempt employees, (2) inaccurate overtime calculations, once employees were properly classified as non-exempt, that "routinely fell short of what is required under the FLSA and applicable state laws," and (3) inaccurate wage statements that "did not accurately reflect all hours worked, including overtime." That the underlying factual predicate for the settlement release in *Raniere* encompassed overtime wage claims beyond the misclassification of non-exempt employees is established by the fact that Nichols had no such misclassification claim and still was paid $158.16 to release her other wage claims. While *Raniere* covered a broader range of alleged misconduct that included the misclassification of employees as exempt from overtime, both the settlement in *Raniere* and Nichols's present claims are predicated on allegations that Citibank failed to pay and accurately disclose or

compute wages for the purpose of calculating overtime payments to employees properly classified as non-exempt.  Accordingly, the *Raniere* settlement release and Nichols's present claims are based on the same factual predicate.

    **AFFIRMED**.