NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 1 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD JOHNSON,

Plaintiff - Appellant,

v.

DAVID SHINN, Director, Arizona
Department of Corrections, Rehabilitation,
and Reentry, Director of ADOC; THOMAS
HIGGINSON, Deputy Warden; SHANNON
THIELMAN, Deputy Warden; CHRIS
O'CONNER, Mayor; CHARLES RYAN,
former Director of ADOC; PATRICK
O'BRIEN, Deputy Warden; HOPE PING,
Deputy Warden; LUIS MATOS, Mayor;
LEVI BRASS, Special Security Unit
Officer,

Defendants - Appellees.

No. 24-41

D.C. No.
2:21-cv-00559-MTL-ESW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted May 15, 2025
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff Richard Johnson, currently in the custody of the State of Arizona, sued prison officials under 42 U.S.C. § 1983, alleging constitutional violations arising from a September 2020 hearing that validated him as a member of a Security Threat Group ("STG"). On statutory screening, the district court narrowed the suit to Fourteenth Amendment due process claims against the members of Johnson's validation hearing committee: Thomas Higginson, Shannon Thielman, and Chris O'Connor ("Defendants"). The district court granted summary judgment to Defendants. Viewing the evidence in the light most favorable to the nonmoving party, we review a district court's grant of summary judgment de novo. *Curley v. City of North Las Vegas*, 772 F.3d 629, 631 (9th Cir. 2014). "We may affirm on any basis supported by the record." *Fisher v. Kealoha*, 855 F.3d 1067, 1069 (9th Cir. 2017) (per curiam). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A procedural due process claim consists of two elements: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998). As we have previously held, Johnson "has a liberty interest in avoiding assignment to maximum custody as a consequence of his STG validation."[1] *Johnson*

[1] Defendants argue that Johnson no longer possessed this liberty interest by his third validation hearing in September 2020 because he had already been validated as an STG member and assigned to maximum custody. Regardless of Johnson's status at the time, Defendants had agreed to provide him with a third hearing before a new committee to remedy alleged due process violations at his first and second

*v. Ryan*, 55 F.4th 1167, 1180 (9th Cir. 2022). But we conclude that Johnson's third validation hearing did not violate due process.

1. Defendants did not improperly rely on evidence without indicia of reliability to validate Johnson. "Due process guarantees . . . that the evidence used to validate [a prisoner] meet the 'some evidence' evidentiary standard." *Castro v. Terhune*, 712 F.3d 1304, 1314 (9th Cir. 2013). Under this "minimally stringent" test, we do not "reweigh the evidence," but ask only "whether there is *any evidence* in the record that could support the conclusion." *Id.* (quoting *Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994); *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003)). Arizona's prison regulations list and define fourteen categories of evidence that can support STG validation, each assigned a point value. The regulations require ten points across at least two categories to validate a prisoner. Johnson argues that this means the "some evidence" standard applied to Arizona prisoners requires "some evidence" that the prisoner accrued at least ten points across two categories. But one state's "procedure beyond what the [Federal] Constitution demands" cannot be "convert[ed] . . . into a substantive federal requirement." *Swarthout v. Cooke*, 562 U.S. 216, 220–21 (2011) (per curiam). The question remains "whether there is *any*

---

validation hearings. As Johnson points out, the third hearing could not have served its intended remedial purpose absent the possibility that it could have vacated Johnson's validation. Johnson therefore retained a liberty interest in "avoiding assignment to maximum custody as a consequence of his STG validation." *Johnson v. Ryan*, 55 F.4th 1167, 1180 (9th Cir. 2022).

*evidence* in the record that could support the conclusion" that a prisoner is a member of an STG. *Castro*, 712 F.3d at 1314 (quoting *Bruce*, 351 F.3d at 1287).

Defendants relied on evidence in three categories to validate Johnson as a member of the Warrior Society, a Native American STG: a "roll call" list of Native American STG members (five points), a letter addressed to him from a validated Warrior Society member (two points), and a "micro note" from Johnson (seven points). Even if we were to hypothetically credit Johnson's denial of possession of the "roll call" list,[2] the other items meet the "some evidence" standard. Johnson's remaining challenges to the letter and the micro note—including that neither discusses Warrior Society business—go to the weight that the committee should have given each item. But "we do not reweigh evidence when determining whether there is 'some evidence' for due process purposes." *Johnson*, 55 F.4th at 1188.

2.     Defendants did not deny Johnson a meaningful opportunity to be heard. At the hearing, Johnson presented a defense, accompanied by a 52-slide presentation. Johnson argues that Defendant Higginson's reading of the committee's findings from a prewritten statement shows that Defendants prejudged the evidence, rendering his defense meaningless. Even viewed in the light most favorable to Johnson, Defendants' reliance on a prewritten or tentative ruling does not raise a genuine factual dispute over whether the hearing's outcome was

_____

[2] Defendants contend the roll call list was found in Johnson's property box.

predetermined.

3. Defendants did not fail to explain their validation decision. While the parties debate the adequacy of Defendant Higginson's oral explanation at the end of the hearing, the committee also provided Johnson a written explanation. The "Result of STG Validation Hearing" form, signed by Johnson, describes in writing "the evidence relied upon and the reasons for the . . . action taken." *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974) (holding prisoners in disciplinary proceedings are entitled to such a written statement). This more than satisfies due process in the context of administrative segregation. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100–01 (9th Cir. 1986) (holding due process does not require "a written decision describing the reasons for placing [a] prisoner in administrative segregation"), *abrogated in part on other grounds by*, *Sandin v. Conner*, 515 U.S. 472 (1995); *Johnson*, 55 F.4th at 1181 (noting the segregation of gang affiliates "is not a disciplinary measure, but an administrative strategy designed to preserve order in the prison and protect the safety of all inmates" (quoting *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997))).

**AFFIRMED.**

5

24-41